UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GISELA RAMIREZ-RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>WEST NEW YORK BOARD OF EDUCATION, et al.,<br><br>Defendants. | Civil Action No. 18-17081-JXN-AME<br><br>**OPINION AND ORDER** |

**ESPINOSA**, Magistrate Judge

Plaintiff Gisela Ramirez-Rodriguez ("Plaintiff") brings this motion for leave to file an Amended Complaint, pursuant to Rules 15(a)(2) and 16(b)(4) of the Federal Rules of Civil Procedure. [D.E. 65]. In her proposed Amended Complaint, Plaintiff seeks to add two new defendants and five additional causes of action, three years after she filed her original complaint in December 2018. Defendant West New York Board of Education ("Defendant" or "BOE") opposes the motion. Having considered the parties' moving, opposition, and reply papers, the Court decides the motion without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, because Plaintiff has failed to meet the applicable standard, the motion is denied.

**I.   BACKGROUND**

Plaintiff is a former fifth grade teacher. On December 11, 2018, she filed a Complaint [D.E. 1] alleging that her former employer, the BOE, discriminated and retaliated against her. The Court's scheduling order dated April 30, 2019, provided that "[a]ny motion to amend any pleading must be filed on or before August 31, 2019." [D.E. 13]. Neither party moved to amend their pleading by August 31, 2019, and that deadline passed without ever having been extended.

1

Following several extensions of the fact discovery deadline, on August 10, 2021, the Court ordered that fact discovery would close on November 5, 2021, with "[n]o further extensions." [D.E. 56]. On September 8, 2021, the Court scheduled the Final Pretrial Conference for November 30, 2021. [D.E. 57]. One week later, Defendant filed a letter dated September 15, 2021, in which it stated that it intended to move for summary judgment and requested that the Final Pretrial Conference be adjourned until after the District Court ruled on the summary judgment motion. [D.E. 58]. The case was then reassigned to this Court [D.E. 59], upon which the Court vacated the scheduling of the Final Pretrial Conference and instead scheduled a status conference for November 12, 2021. [D.E. 60]. On November 4, 2021, the day before the close of fact discovery, Plaintiff filed a letter in which she requested leave of Court to file a motion to amend her pleading [D.E. 61], and the Court granted such leave [D.E. 64]. On January 10, 2022, Plaintiff filed this motion.[1]

In her proposed Amended Complaint, Plaintiff seeks to add five new claims, including one claim against John Does (Count 9), and four claims for workplace discrimination brought under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1, et seq.: Failure to Accommodate (Count 5), Failure to Reinstate/Hire (Count 6), Perceived Disability (Count 7), and Aiding and Abetting (Count 8). Plaintiff also seeks to add two individuals as defendants: Marlena Clara Brito-Herrara ("Brito-Herrara"), the Superintendent of West New York public schools and a member of the BOE, and Allan C. Roth ("Roth"), Administrative Assistant to the Director of the Special Services for the BOE.[2]

---

[1] On May 24, 2022, the Court issued an Amended Pretrial Scheduling Order extending the deadline for completion of all remaining discovery to September 9, 2022. [D.E. 76]. That extension was necessary to permit Plaintiff to retain a new expert to prepare a substitute psychological report after Plaintiff's original expert died following his preparation of an original report, and to permit the BOE to prepare and serve a responsive report. [*See* D.E. 75].

[2] On June 9, 2022, Plaintiff filed a letter [D.E. 77] attaching a copy of a complaint she filed in the Superior Court of New Jersey, Law Division—Bergen County, Docket No. BER-L-2954-22 ("State Complaint"), on or about June 1, 2022, in which she asserted NJLAD claims against the BOE, Roth and Brito-Herrera. In her letter, Plaintiff states she filed the State Complaint "to preserve her filing rights," while this motion was pending. Plaintiff has not withdrawn this motion. Rather, it remains a live dispute between the parties and is thus appropriate for decision by this Court notwithstanding Plaintiff's filing of the State Complaint.

## II. DISCUSSION

Plaintiff filed her motion to amend long after the August 31, 2019 deadline set by the Court's scheduling order. Accordingly, the motion is therefore subject not only to Rule 15(a), but also to the more stringent standard of Rule 16(b)(4).

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a party brings a motion to amend the complaint after the court-ordered deadline, the party must first demonstrate that there is "good cause" to modify the Court's scheduling order. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The Court's inquiry in determining the existence of good cause "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp*, 614 F.3d 57, 84 (3d Cir. 2010).

If a plaintiff demonstrates good cause, the court then proceeds to apply the standard applicable to motions to amend, pursuant to Rule 15(a). While Rule 15(a)(2) plainly states that leave must be freely given, it is equally well-established that, in the court's discretion, leave to amend may be denied for various equitable reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citing *Foman*).

Delay is undue "when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (citing *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001)). In making this determination, the Court "focus[es] on the movant's reasons for not amending sooner," *Cureton*, 252 F.3d at 273,

and balances "these reasons against the burden of delay on the District Court." *Bjorgung*, 550 F.3d at 266 (citing *Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 520 (3d Cir. 1988)).

Plaintiff contends that the four new NJLAD claims she wishes to add to her case are based on facts that "occurred on or about June 8, 2020." Pl. Reply [D.E. 72] at 2. This is the date of a letter by the State Board of Teachers' Pension and Annuity Fund ("TPAF") in which it wrote to the BOE that Plaintiff is "not considered totally and permanently disabled from the performance of her regular and assigned duties" and that the TPAF "denied the involuntary application for Ordinary Disability retirement for [Plaintiff]." D.E. 65-2, Ex. D. The TPAF further stated that Plaintiff "should be reinstated to her former position" by the BOE. *Id.* Plaintiff's proposed Amended Complaint alleges, without any reference to any specific dates, that Plaintiff demanded that the BOE reinstate her, and that the BOE denied the request. D.E. 65, Ex. A ¶ 80.

Plaintiff's moving and reply papers are also unclear as to the timing of Plaintiff's demand for reinstatement and the BOE's rejection of it. In her moving papers, Plaintiff's counsel's certification provides that Plaintiff sought reinstatement in "[l]ate November of 2021," the BOE "received" the request on December 2, 2021, and subsequently denied it. D.E. 65 ¶¶ 7-8. This is consistent with a letter that Defendant provided to the Court in its opposition papers. D.E. 70-2, Ex. I. That letter, from Plaintiff to Brito-Herrera, entitled "Request for Reinstatement," is dated November 20, 2021, and also bears the handwritten date, December 2, 2021, below Plaintiff's signature. *Id.*  In the letter, Plaintiff "formally request[ed] that [her] employment … be reinstated in its entirety." *Id*. But in her reply brief, when arguing that she "did not delay in her request for reinstatement," Plaintiff contended that she first demanded reinstatement not in the November 20, 2021 letter but, rather, over the phone through counsel six months earlier, on or about May 18, 2021, and that the BOE denied her request in October 2021. Pl. Reply at 2.

4

In her motion to amend, Plaintiff never addresses why she waited so long to seek to amend her complaint following her receipt of the TPAF's June 8, 2020 letter. To the extent Plaintiff argues that her claims for retaliation and failure to rehire were not ripe until her demand was rejected, she cited no law in support of such a proposition. She also does not explain why she waited so long to make her demand in the first place, whether it occurred over phone in May 2021, or by letter in November 2021.[3] Moreover, when the Court ordered that discovery would close on November 5, 2021, without further extension, and then set a date for a Final Pretrial Conference, Plaintiff did not immediately seek leave to amend and only did so after the BOE filed a letter stating its intent to move for summary judgment. The Court finds that Plaintiff, who received the TPAF's letter in June 2020, but waited until November 2021, to seek leave to amend, did not exercise reasonable diligence, and therefore that "good cause" does not exist under Rule 16(b)(4) to permit leave to amend the Complaint to add these claims. *See Strategic Prods. & Servs., LLC v. Integrated Media Techs., Inc.*, No. 18-694, 2020 U.S. Dist. LEXIS 180316, at *8 (D.N.J. Sep. 30, 2020) (plaintiff was not diligent in seeking leave to amend where it did not do so until a year after the amendment deadline, even though it had the relevant information "months earlier"); *Fermin v. Toyota Material Handling, U.S.A., Inc.*, 2012 U.S. Dist. LEXIS 56422, at *19 (D.N.J. Apr. 23, 2012) (plaintiff was not diligent where she waited six months to seek leave to amend after learning new information at a deposition that occurred after the amendment deadline; "While information obtained after a deadline to amend can constitute good cause, that good cause does not extend indefinitely.").

---

[3] Plaintiff's unsupported contention in her reply brief that she first demanded reinstatement by phone in May 2021 cannot accomplish the work for which she offers it, especially when her own moving papers and the November 20, 2021 letter make no mention of any prior demand for reinstatement or the BOE's rejection of a prior demand. *See Bickford v. Frantz*, No. 09-cv-161, 2010 U.S. Dist. LEXIS 130433, at *5 (M.D. Pa. Dec. 9, 2010) (the court will not credit "an unsupported statement in [a] reply brief"). But even accepting that representation as true for the purposes of this motion, to the extent Plaintiff's demand for reinstatement is relevant, she inexplicably delayed making that demand for eleven months.

The Court also finds that by waiting so long to seek to add the new claims, Plaintiff engaged in undue delay, and that permitting amendment would place a significant an unwarranted burden on Defendant. *See Spiderplow, Inc. v. Site Energy*, No. CV162318, 2017 U.S. Dist. LEXIS 226026, 2017 WL 11477633, at *3 (D.N.J. Feb. 8, 2017) ("if a party waits until the end stages of a litigation to seek its proposed amendment, and its adversary is then forced to . . . engage in additional dispositive motion practice to address the amendments, then the timing of the amendment may prejudice the non-moving party."); *Israel v. Smith*, No. CV 13-97, 2014 U.S. Dist. LEXIS 202665, 2014 WL 12915232, at *7 (D.N.J. Oct. 7, 2014) ("any inquiry into delay must go hand in hand with an analysis of the prejudice that delay would cause"). Given the slow pace at which this case has proceeded thus far, the delay and the resulting impact on the BOE and the Court will be significant. Moreover, adding new claims at this stage in the case—over two years after the amendment deadline, and following three years of discovery, after a Final Pretrial Conference was scheduled (although later canceled), and after the BOE has stated its intention to file a summary judgment motion—renders the complaint a "moving target." *Berk v. Ritz Carlton Condo. Ass'n*, No. 19-20666, 2021 U.S. Dist. LEXIS 218974, at *14 (D.N.J. Nov. 12, 2021) (noting that courts have "rightly rejected" a "moving target" approach to amendments; "wait and see tactics amount to undue delay and would prejudice the defendants"). Accordingly, the Court finds that Plaintiff's proposed amendment to add four new NJLAD claims does not satisfy Rule 15(a)(2).

As discussed above, Plaintiff also seeks to add Brito-Herrera and Roth as Defendants. Plaintiff's original complaint named John/Jane Does A through D as defendants "who may have discriminated against Plaintiff, but they are … unknown." Compl. ¶ 9. Plaintiff now argues that she did not delay in seeking to add Brito-Herrera and Roth as Defendants because she "learned of [their] involvement" in the depositions of Principal Robert Reiman and HR Director Christian Cabrera that occurred in October 2021. Pl. Reply at 2. Plaintiff does not explain why it took so long

6

for those depositions to be completed. She argues only that, besides one day of plaintiff's deposition, neither party took any depositions prior to the appearance by Plaintiff's current counsel in late-April 2021. *Id.* But the BOE deposed Plaintiff well before that, in July 2020 [D.E. 70 at 9; D.E. 72 at 6], and in any event, it is Plaintiff, not the BOE, who seeks to add parties at this late juncture.

The Court finds that, based on the allegations in Plaintiff's proposed Amended Complaint and certain documents submitted by the parties, Plaintiff knew of Roth's and Brito-Herrera's involvement before the August 31, 2019 amendment deadline. Plaintiff's former counsel sent a fax to Roth on February 15, 2018, referencing their conversation "yesterday" regarding Plaintiff. D.E. 65-2, Ex. G. The proposed Amended Complaint alleges that Plaintiff had a meeting with Roth on February 28, 2018, during which Plaintiff "outlined her condition and the issues she had with the amount of work being forced upon her, and requested an accommodation due to her health condition," but that Roth "either ignored" her request or "nothing was done" otherwise to accommodate Plaintiff. D.E. 65-2, Ex. A, Am. Compl. ¶¶ 42-44. Roth sent a letter dated April 30, 2018, to Plaintiff, in which he stated that it had come to Brito-Herrera's attention that "there is reason to believe that [Plaintiff] cannot perform the essential functions of [her] position," and that Brito-Herrera was "requesting that a fitness for duty hearing be held before" the BOE. D.E. 65-2, Ex. K. The proposed Amended Complaint also alleges that Brito-Herrera "suspended [Plaintiff] '*pending Board action*,'" during a May 7, 2018 meeting. D.E. 65-2, Ex. A, Am. Compl. ¶ 52 (emphasis in original). Roth also sent a *Rice*[4] notice to Plaintiff at Brito-Herrera's request in April 2019 [D.E. 65-2, Ex. L], in which Roth notified Plaintiff that "her job status would be discussed at the upcoming [BOE] Meeting." D.E. 65-2, Ex. A, Am. Compl. ¶ 70.

---

[4] Under New Jersey law, public bodies seeking to invoke an exception to the state's Open Public Meetings Act, N.J.S.A. 10:4-6 to -21, allowing them to discuss personnel matters in closed executive session are required to provide written notice to employees whose employment could be adversely affected of their right to have the discussion held in public. *See Rice v. Union County Reg'l High Sch. Bd. of Educ.*, 155 N.J. Super. 64, 73 (App. Div. 1977).

Based on the foregoing, the Court finds that Plaintiff has not demonstrated good cause under Rule 16 to add new parties at this late juncture because she had sufficient information available to her about the involvement of Roth and Brito-Herrera prior to the August 31, 2019 deadline. *Baker v. United States Marshal Serv.*, No. 12-494, 2014 U.S. Dist. LEXIS 143004, at *9 (D.N.J. Oct. 8, 2014) (finding that Plaintiffs failed to show good cause where plaintiffs were "not diligent in their efforts to identify" additional defendants).

The Court also finds that by waiting three years to seek to add parties who were well known to her when she filed the complaint in December 2018, Plaintiff engaged in undue delay that runs afoul of Rule 15(a)(2). Adding Roth and Brito-Herrera as new parties would require the issuance of a new Scheduling Order to govern additional pretrial proceedings, as well as time for them to respond to the complaint, serve and respond to additional written discovery, and take and give deposition testimony. Roth and Brito-Herrera would also be prejudiced[5] by having to defend themselves by remembering details from events that occurred over four years ago. *See Ruiz v. N.J. Dep't of Corr.,* No. 15-3304, 2017 U.S. Dist. LEXIS 115825, at *16 (D.N.J. July 25, 2017) (a proposed amendment is prejudicial where it involves "serious impairment of the non-party's ability to present its case") (citing *Harter v. GAF Corp.*, 150 F.R.D. 502, 509 (D.N.J. 1993)). The Court also has an interest in the just but efficient adjudication of this case, and adding new parties at this late stage would cause unnecessary delay. *See Murray v. Cty. of Hudson*, No. 17-2875, 2021 U.S. Dist. LEXIS 103243, at *8-9 (D.N.J. June 2, 2021) (the court "has an interest in the timely resolution of cases before it"; denying motion to add new parties as "contrary to that interest").

---

[5] "Prejudice to a person who is not a party to the action also may be relevant to the decision whether to grant or deny leave to amend." Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1487 (3d ed.)

Therefore, the Court finds that Plaintiff has not satisfied Rule 15(a)(2) with respect to her motion seeking leave to add two new defendants and her motion seeking that relief must be denied.[6] Based on the foregoing, the Court need not reach Defendant's arguments regarding the futility of amendment.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, this Court finds Plaintiff has failed to satisfy her burden under Rules 15(a)(2) and 16(b)(4) of the Federal Rules Civil Procedure and her request for leave to file an Amended Complaint should be denied in its entirety.

Accordingly,

**IT IS** on this 15th day of June 2022,

**ORDERED** that Plaintiff's motion for leave to file an Amended Complaint [D.E. 65] is **DENIED**.

                                                       /s/ *André M. Espinosa*
                                                       ANDRÉ M. ESPINOSA
                                                       United States Magistrate Judge

---

[6] The Court also will not permit Plaintiff to add Count 9 against John Doe defendants. The fictitious party rule, New Jersey Rule 4:26-4, "may be used only if the plaintiff exercised due diligence to ascertain the defendant's true name before and after filing the complaint." *DeRienzo v. Harvard Indus.*, 357 F.3d 348, 353 (3d Cir. 2004). Here, to the extent the identities of any potential defendants are still unknown to Plaintiff, following three years of discovery, Plaintiff has not been diligent in trying to identify them.